IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CASANOVA CLAYBROOKS,

    Plaintiff,                      No. 2:11-cv-3002 GEB JFM (PC)

   vs.

RACHEL DONAHOU, et al.,         <u>ORDER AND</u>

    Defendants.           <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson

1  v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn
2  quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this
3  standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,
4  and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416
5  U.S. 232, 236 (1974).

6        In his complaint, filed November 10, 2011, plaintiff claims that he is "falsely
7  imprisoned prosecuted and discriminated against by the district attorney office along with Rachel
8  Donahou."  Complaint, filed November 10, 2011, at 5.  Plaintiff alleges that for five months he
9  has been held in the Shasta County Jail for a crime he did not commit, and he alleges generally
10 that he is being discriminated against based on a prior sex offense and his race.  Id.  He also
11 alleges that he is "at the mercy" of the public defender's office because he has no access to a law
12 library.  Id.  Exhibits appended to the complaint, which pursuant to Fed. R. Civ. P. 10(c) are a
13 part thereof for all purposes, show that plaintiff was arrested for assault with a deadly weapon
14 and a parole violation following an altercation with his mother and that Rachel Donahou is an
15 assistant district attorney in Shasta County.  See Exs. B and C to Complaint.  Plaintiff seeks
16 compensatory and punitive damages.

17       As a general rule, federal courts may not interfere with ongoing state criminal
18 proceedings where those proceedings provide the defendant with an opportunity to raise federal
19 questions.  See Younger v. Harris, 401 U.S. 37 (1971).  The rule announced in Younger applies
20 to actions for money damages "as well as for injunctive relief because a determination that the
21 federal plaintiff's constitutional rights have been violated would have the same practical effect as
22 a declaration or injunction on pending state proceedings."  Gilbertson v. Albright, 381 F.3d 965,
23 968 (9th Cir.
24 /////
25 /////
26 /////

1  2004).¹  Where damages are sought, the federal court is required to stay the action until the state

2  criminal proceedings are completed.  Id.²

3  It is plain from the allegations of the complaint that resolution of this action

4  would interfere with ongoing criminal proceedings.  Accordingly, the action must be stayed until

5  those criminal proceedings are completed.

6  In accordance with the above, IT IS HEREBY ORDERED that:

7  1. Plaintiff's request for leave to proceed in forma pauperis is granted.

8  2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

9  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

10  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

11  Sheriff of Shasta County filed concurrently herewith.

12  IT IS HEREBY RECOMMENDED that:

13  1. This action be stayed until the criminal proceedings against plaintiff have been

14  completed;

---

¹ Younger "leaves room for possible exceptions to the general rule for 'bad faith, harassment, or other unusual circumstances that would call for equitable relief.'" Phillips v. Vasquez, 56 F.3d 1030, 1038 (9th Cir.) (Kleinfeld, J., concurring) (quoting Younger, 401 U.S. at 54), cert. denied, 516 U.S. 1032 (1995).  However, the exception to Younger is extremely narrow and limited to circumstances where plaintiff is threatened with irreparable injury "above and beyond that associated with the defense of a single prosecution brought in good faith." Younger, 401 U.S. at 48.  Plaintiff must also demonstrate a likelihood of success on the merits of his claim that the prosecution is brought in bad faith. Cf., e.g., Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir. 1985) (likelihood of success on the merits necessary part of showing required for injunctive relief).  Plaintiff's allegations are insufficient to bring this action within the limited exception to Younger.  Here, plaintiff alleges that the prosecution against him is brought in bad faith based solely on his prior conviction and race discrimination.  These conclusory allegations are belied by the police report appended to the complaint.

² If the state criminal proceedings result in a conviction, plaintiff's action for damages will be subject to dismissal under the rule announced in Heck v. Humphrey, 512 U.S. 477 (1994), which precludes a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.

         2. This action not proceed further unless and until plaintiff files a motion to lift the stay after the criminal proceedings have been completed; and

         3. The Clerk of the Court be directed to administratively close this case.

         These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 22, 2011.

                              _____
                              UNITED STATES MAGISTRATE JUDGE

12
clay3002.fr