1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10    CASANOVA CLAYBROOKS,

11              Plaintiff,                    No. 2:11-cv-3002 GEB JFM (PC)

12        vs.

13    RACHEL DONAHOU, et al.,

14              Defendants.           ORDER

15    _____/

16              Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

17    rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local

18    Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

19              On December 23, 2011, this court issued findings and recommendations

20    recommending that this action be stayed pending completion of criminal proceedings then

21    pending against plaintiff.  On January 25, 2012, plaintiff filed a letter in which he states that the

22    Shasta County District Attorney's Office dropped all charges against him at a trial readiness

23    hearing on December 2, 2011.  Good cause appearing, the findings and recommendations will be

24    vacated.

25              As noted in the December 23, 2011 findings and recommendations, the court is

26    required to screen complaints brought by prisoners seeking relief against a governmental entity or

1   officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a

2   complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or

3   malicious," that fail to state a claim upon which relief may be granted, or that seek monetary

4   relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

5        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

6   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

7   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

8   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

9   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

10  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

11  Cir. 1989); Franklin, 745 F.2d at 1227.

12       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

13  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

14  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

15  Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355

16  U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must

17  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

18  factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

19  id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

20  defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

21  v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn

22  quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this

23  standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,

24  and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416

25  U.S. 232, 236 (1974).

26  /////

1    In his complaint, filed November 10, 2011, plaintiff claims that he is "falsely

2    imprisoned prosecuted and discriminated against by the district attorney office along with Rachel

3    Donahou." Complaint, filed November 10, 2011, at 5.  Plaintiff alleges that for five months he

4    has been held in the Shasta County Jail for a crime he did not commit, and he alleges generally

5    that he is being discriminated against based on a prior sex offense and his race. Id.  He also

6    alleges that he is "at the mercy" of the public defender's office because he has no access to a law

7    library. Id. Exhibits appended to the complaint, which pursuant to Fed. R. Civ. P. 10(c) are a

8    part thereof for all purposes, show that plaintiff was arrested for assault with a deadly weapon

9    and a parole violation following an altercation with his mother and that Rachel Donahou is an

10   assistant district attorney in Shasta County. See Exs. B and C to Complaint.  Plaintiff seeks

11   compensatory and punitive damages.

12   Plaintiff's January 25, 2012 letter suggests that the charges that are the subject of

13   plaintiff's complaint have been dropped.  It is not clear whether plaintiff has any cognizable

14   federal claim against any of the individuals involved in those criminal proceedings.  Accordingly,

15   plaintiff's complaint will be dismissed and plaintiff will be granted thirty days to file an amended

16   complaint.

17   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

18   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

19   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

20   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

21   there is some affirmative link or connection between a defendant's actions and the claimed

22   deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

23   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

24   allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of

25   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26   /////

1        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

2  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

3  complaint be complete in itself without reference to any prior pleading.  This is because, as a

4  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

5  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

6  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

7  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

8        In accordance with the above, IT IS HEREBY ORDERED that:

9        1.  The findings and recommendations filed December 23, 2011 are vacated;

10        2.  Plaintiff's complaint is dismissed.

11        3.  Within thirty days from the date of this order, plaintiff shall complete the

12  attached Notice of Amendment and submit the following documents to the court:

13            a.  The completed Notice of Amendment; and

14            b.  An original and one copy of the Amended Complaint.

15  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

16  Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

17  bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

18  file an amended complaint in accordance with this order may result in the dismissal of this

19  action.

20  DATED: March 9, 2012.

21

22

UNITED STATES MAGISTRATE JUDGE

23

24  12
clay3002.14vac

25

26

4

1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CASANOVA CLAYBROOKS,

11              Plaintiff,                    No. 2:11-cv-3002 GEB JFM (PC)

12        vs.

13   RACHEL DONAHOU, et al.,                  NOTICE OF AMENDMENT

14              Defendants.

15   _____/

16              Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18              _____        Amended Complaint

19   DATED:

20

21                                            _____

22                                            Plaintiff

23

24

25

26

5