1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CASANOVA CLAYBROOKS,

11          Plaintiff,                    No. 2:11-cv-3002 GEB JFM P

12      vs.

13   RACHEL DONAHOU, et al.,

14          Defendants.              ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

17   rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local

18   Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

19          By order filed March 12, 2012, plaintiff's complaint was dismissed with thirty

20   days leave to amend.  On April 5, 2012, plaintiff filed a proposed amended complaint.

21          The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

26   U.S.C. § 1915A(b)(1),(2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

9    plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11   Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355

12   U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must

13   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

14   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

15   id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

16   defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

17   v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn

18   quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this

19   standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,

20   and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416

21   U.S. 232, 236 (1974).

22   Plaintiff's amended complaint is even more deficient than his original complaint.

23   Plaintiff again alleges that he is being "falsely imprisoned prosecuted and discriminated against

24   by the district attorney office along with Rachel Donahou."  Amended Complaint, filed April 5,

25   2012.  Plaintiff alleges that for five months he has been held in the Shasta County Jail for a crime

26   he did not commit, that "the prosecutor has no victim, no weapon and as of September 22, 2011

2

1  no finger prints to tie [him] to the accusation." Id.  He also alleges that he is "at the mercy" of

2  the public defender's office because he has no access to a law library. Id.  Plaintiff's amended

3  complaint does not include any prayer for relief.  Moreover, despite his allegations, on the day he

4  filed his amended complaint plaintiff also filed notice that he was no longer incarcerated.

5            Plaintiff has failed to specifically identify any defendant in the amended

6  complaint.  Moreover, as with his original complaint, it is unclear whether plaintiff has any

7  cognizable federal claim against any of the individuals involved in the criminal proceedings.  In

8  addition, it is not clear whether the criminal proceedings are ongoing.  For these reasons,

9  plaintiff's amended complaint will be dismissed.

10           The court will grant plaintiff one final opportunity to amend his complaint.  If

11 plaintiff does choose to file a second amended complaint, he must use the form provided with

12 this order.  Plaintiff must allege facts which show how the conditions complained of have

13 resulted in a deprivation of plaintiff's federal constitutional rights.  See Ellis v. Cassidy, 625 F.2d

14 227 (9th Cir. 1980).  Also, the second amended complaint must specifically name each defendant

15 and must allege in specific terms how each named defendant is involved.  There can be no

16 liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

17 defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

18 Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

19 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

20 violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

21           In addition, plaintiff is informed that the court cannot refer to a prior pleading in

22 order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an

23 amended complaint be complete in itself without reference to any prior pleading.  This is

24 because, as a general rule, any amended complaint supersedes the original complaint.  See Loux

25 v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

26 prior pleadings no longer serves any function in the case.  Therefore, in a second amended

1 complaint, as in an original complaint, each claim and the involvement of each defendant must

2 be sufficiently alleged.

3        In accordance with the above, IT IS HEREBY ORDERED that:

4        1.  Plaintiff's amended complaint is dismissed.

5        2.  Within thirty days from the date of this order, plaintiff shall complete the

6 attached Notice of Amendment and submit the following documents to the court:

7          a.  The completed Notice of Amendment; and

8          b.  An original and one copy of the Second Amended Complaint.

9 Plaintiff's second amended complaint shall be prepared on the form provided with this order and

10 shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure,

11 and the Local Rules of Practice; the second amended complaint must bear the docket number

12 assigned this case and must be labeled "Second Amended Complaint"; failure to file a second

13 amended complaint in accordance with this order may result in the dismissal of this action.

14

15        3.  The Clerk of the Court is directed to send plaintiff the court's form § 1983

16 complaint and accompanying instructions.

17 DATED: June 27, 2012.

18

19                                 UNITED STATES MAGISTRATE JUDGE

20

21
    12
22     clay3002.142

23

24

25

26

1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CASANOVA CLAYBROOKS,

11           Plaintiff,                              No. 2:11-cv-3002 GEB JFM P

12      vs.

13                                                   NOTICE OF AMENDMENT

14           Defendants.

15   _____/

16           Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18           _____        Second Amended Complaint

19   DATED:

20

21                                              _____
                                                Plaintiff
22

23

24

25

26