IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CASANOVA CLAYBROOKS,

    Plaintiff,                       No. 2:11–cv-3002 GEB JFM P

    vs.

RACHEL DONAHOU, et al.,

    Defendants.               FINDINGS AND RECOMMENDATIONS

        Plaintiff is a former county jail inmate proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        By order filed June 28, 2012, plaintiff's amended complaint was dismissed with thirty days leave to amend. On July 19, 2012, plaintiff filed a proposed second amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

/////

1

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff's second amended complaint suffers from the same deficiencies as his prior complaints. Plaintiff again alleges that he is being "falsely imprisoned prosecuted and discriminated against by the district attorney office along with Rachel Donahou." Second

1  Amended Complaint, filed July 19, 2012.  Plaintiff alleges that he was incarcerated in the Shasta
2  County Jail for from June 7, 2011 to December 2, 2011 for a crime he did not commit.  He
3  alleges that defendant Rachel Donahou was the prosecutor who was charging him with assault
4  with a deadly weapon.  Plaintiff alleges that in September 2011, the prosecutor received two
5  reports, the first stating there were no fingerprints linking plaintiff to the charges, and the second
6  stating there was no blood evidence tying plaintiff to the charges.  Plaintiff also claims there were
7  no eyewitnesses and no victim.  He alleges that because he was a sex offender and African
8  American he was being discriminated against.  Finally, he alleges that all charges were dropped
9  on December 2, 2011.  He seeks punitive damages for discrimination and false imprisonment.

10          Plaintiff has failed to allege any facts which support a claim of discrimination.
11  Moreover, police reports from the Redding Police Department appended to plaintiff's original
12  complaint belie plaintiff's suggestion that there was no basis for his detention and consideration
13  of prosecution.  Specifically, the police report describes a call on June 7, 2011 reporting an
14  assault.  Officers responding to the call were told by plaintiff's mother that she had been
15  assaulted by plaintiff.  Plaintiff denied to officers that he had assaulted his mother, asserting that
16  she had gotten into an altercation at a bowling alley and came home with the injuries.  Officers
17  arrested plaintiff for assault with a deadly weapon and a parole violation, and the matter was
18  referred to the Shasta County District Attorney's Office.  At some point, the district attorney's
19  office made a decision not to prosecute plaintiff on the charges.[1]  There is nothing in the
20  allegations of plaintiff's second amended complaint, or elsewhere in the record, that would
21  support plaintiff's bald assertion that defendants discriminated against him or subjected him to
22  false imprisonment.
23  /////

---

[1] A transcript appended to plaintiff's original complaint indicates that plaintiff's mother subsequently testified that she and her son and another man had gotten into a fight on June 7, that she was not sure how she suffered her injuries, that her son had not hit her on June 7 and she never had a physical altercation with him that day.

1  Plaintiff has twice been informed of the deficiencies in his pleadings, and twice
2  been granted leave to amend.  The June 28, 2012 order provided that plaintiff would be given one
3  final opportunity to amend his complaint in a second amended complaint.  Plaintiff has still
4  failed to state a cognizable claim for relief, and the court finds no likelihood that the defects
5  could be cured by further amendment.

6  Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for
7  failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A.

8  These findings and recommendations are submitted to the United States District
9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
10 days after being served with these findings and recommendations, plaintiff may file written
11 objections with the court and serve a copy on all parties.  Such a document should be captioned
12 "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
13 failure to file objections within the specified time may waive the right to appeal the District
14 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
15 DATED: February 6, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

12
clay3002.56